UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04064-RGK-SK | Date | September 4, 2020 |
|---|---|---|---|
| Title | *Francis Shay et al v. Princess Cruise Lines Ltd* | | |

~~20~~

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss [DE 20]

## I.   INTRODUCTION

This case arises out of the COVID-19 outbreak on the *Grand Princess*—a cruise ship operated by Princess Cruise Lines, Ltd. ("Princess Cruises" or "Defendant"). The *Grand Princess* departed out of San Francisco for Hawaii on February 21, 2020, during the early days of the COVID-19 pandemic in America. The ship had 3,533 people on board: 2,422 passengers and 1,111 crew. As of March 6, 46 people on the ship had been tested, and 21 tested positive—numbers which would rise precipitously in the coming weeks.

On May 4, 2020, Plaintiffs Francis Shay, Sandra Shay, Bruce Grant, and Michelle Grant (collectively, "Plaintiffs")—passengers aboard the *Grand Princess*—filed this lawsuit against Princess Cruises, alleging negligence and gross negligence. The Grants allege that they contracted COVID-19 at an unspecified point, while the Shays do not allege that they contracted the disease.

Presently before the Court is Defendant's Motion to Dismiss Plaintiffs' Complaint. For the following reasons the Court **GRANTS in part** Defendant's Motion.

## II.   FACTUAL BACKGROUND

Plaintiffs' Complaint alleges the following:

Plaintiffs were passengers aboard the *Grand Princess*. Defendant, as the operator of the *Grand Princess*, owed a duty to Plaintiffs to ensure that they would not be exposed to unreasonable risk of harm. Defendant breached this duty by failing to take necessary precautions to keep its passengers, crew, and the public safe. For example, when the *Grand Princess* embarked for Hawaii on February 21, there were 62 passengers on board who had also been on the ship's prior voyage to Mexico. Defendant knew that at least two of the passengers on the Mexico voyage disembarked on February 21 with symptoms of COVID-19. Indeed, on February 25, Defendant sent emails to passengers who were on the Mexico

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04064-RGK-SK | Date | September 4, 2020 |
|---|---|---|---|
| Title | *Francis Shay et al v. Princess Cruise Lines Ltd* | | |

voyage notifying them of their potential exposure to COVID-19. Nevertheless, Defendant proceeded with the Hawaii voyage, despite the risk of further infection on the ship. Defendant also failed to warn Plaintiffs about their potential exposure to the virus.

Defendant also failed to employ proper screening protocols for COVID-19 before boarding on the Hawaii voyage. Before boarding on February 21, passengers were simply asked to fill out a form confirming they were not sick. Passengers were not questioned or examined, even though another one of Defendant's ships, the *Diamond Princess*, suffered a severe outbreak of COVID-19 three weeks prior.

As a result of Defendant's negligence, the Grants contracted COVID-19 and all Plaintiffs suffered emotional distress and were traumatized by their fear of contracting COVID-19 as they remained quarantined on the *Grand Princess*. Plaintiffs seek punitive damages for Defendant's gross negligence.

### III.    JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04064-RGK-SK | Date | September 4, 2020 |
|---|---|---|---|
| Title | *Francis Shay et al v. Princess Cruise Lines Ltd* | | |

## IV.  DISCUSSION

### A.  Maritime Law Applies

The parties appear to agree that "[t]he sufficiency of the [C]omplaint is governed by the general maritime law of the United States." *Stacy v. Rederiet Otto Danielsen, A.S.*, 609 F.3d 1033, 1035 (9th Cir. 2010) (citing *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1409 (9th Cir. 1994)).

### B.  *Weissberger* and the Zone of Danger Test

Under federal maritime law, a plaintiff seeking to recover for NIED must satisfy the zone of danger test set forth in *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532 (1994). *Stacy*, 609 F.3d at 1035. In *Gottshall*, a plaintiff alleged that he witnessed the death of a co-worker while on the job, and that this experience caused him severe emotional distress. *Id.* at 536–37. He sought to recover damages from his employer under the Federal Employers' Liability Act ("FELA") for "mental or emotional harm (such as fright or anxiety)…not directly brought about by a physical injury." *Id.* at 544. The Supreme Court recognized "that uncabined recognition of claims for negligently inflicted emotional distress would hold out the very real possibility of nearly infinite and unpredictable liability for defendants." *Norfolk & W. Ry. Co. v. Ayers*, 538 U.S. 135, 146 (2003) (quoting *Gottshall*, 512 U.S. at 546) (cleaned up). Thus, after considering various limiting tests developed at common law, the Court selected the zone of danger test "to delineate the proper scope of an employer's duty under the FELA to avoid subjecting its employees to negligently inflicted emotional injury." *Id.* (internal quotation marks and bracketing omitted). *Gottshall*'s zone of danger test limits recovery for stand-alone emotional distress claims to two categories of plaintiffs: (1) "plaintiffs who sustain a **physical impact** as a result of a defendant's negligent conduct"; and (2) plaintiffs "who are placed in **immediate risk of physical harm** by that conduct." *Gottshall*, 512 U.S. at 547–48 (emphasis added).

In *Metro-North*, the Supreme Court applied the zone of danger test to another plaintiff's claim for damages under FELA. *Metro-North Commuter R. Co. v. Buckley*, 521 U.S. 424 (1997). In that case, Buckley, a railroad worker who was exposed to insulation dust containing asbestos, brought a claim under FELA for NIED based on his fear of developing cancer and asbestosis in the future. The "critical question" before the Court was whether Buckley's physical contact with the insulation dust amounted to a "physical impact" under the first prong of *Gottshall*'s zone of danger test. *Id.* at 429. The Court held that it was not. The Court held that the words "physical impact" as used in *Gottshall* do *not* encompass mere "exposure…to a substance that poses some future risk of disease and which causes only emotional distress[.]" *Id.* at 432. Instead, to recover, a plaintiff must manifest some symptom of the feared disease. *Id.* at 427. The Court explained that restricting recovery in this way was appropriate for several reasons, including (1) the special difficulty for judges and juries in separating valid, important claims from those that are invalid or trivial; (2) the threat of unlimited and unpredictable liability; and (3) the potential for a flood of comparatively unimportant, or trivial claims. *Id.* at 433.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04064-RGK-SK | Date | September 4, 2020 |
|---|---|---|---|
| Title | *Francis Shay et al v. Princess Cruise Lines Ltd* | | |

The Supreme Court again considered the zone of danger test in *Ayers*. 538 U.S. at 141. Like Buckley, the plaintiffs in *Ayers* were exposed to asbestos while on the job. *Id.* at 141–42. However, whereas Buckley did not contract asbestosis, the plaintiffs in *Ayers* did. *Id.* The Supreme Court observed that "*Gottshall* and *Metro-North* describe two categories [of claims]: Stand-alone emotional distress claims not provoked by any physical injury, for which recovery is sharply circumscribed by the zone-of-danger test; and emotional distress claims brought on by a physical injury, for which pain and suffering recovery is permitted." *Id.* at 147. The Court went on to contrast the plaintiffs' claims with those asserted in *Gottshall* and *Metro-North*, stating: "The plaintiffs in *Gottshall* and *Metro-North* grounded their suits on claims of negligent infliction of emotional distress. The claimants before us, in contrast, complain of a negligently inflicted physical injury (asbestosis) and attendant pain and suffering." *Id.* Observing that "claims for pain and suffering associated with, or 'parasitic' on, a physical injury are traditionally compensable[,]" the Court concluded not only that the plaintiffs could seek asbestosis-related pain and suffering damages, but also that the plaintiffs could seek compensation for their fear of getting cancer in the future. *See id.* at 158.

In *Weissberger*, the Court ultimately found that the Fear Plaintiffs' NIED claim did not satisfy the zone of danger test. First, these plaintiffs did not satisfy the first prong of the test because there was no physical impact—this was the classic "exposure-only" scenario discussed in *Metro-North*. Second, the Fear Plaintiffs failed to satisfy the second prong, which is usually reserved for "near miss" cases, *see, e.g., Stacy*, 609 F.3d at 1034 (holding that plaintiff was in the zone of danger when he was aboard a fishing vessel that narrowly avoided colliding with another vessel), because this would "mean[] that it would be possible to sneak in through the back door what the Court [in *Metro-North*] expressly forb[ade] from coming in through the front." *Weissberger*, 2020 WL 3977938, at *3.

Here, the Shays' claims are indistinguishable from those of the Fear Plaintiffs. Their claims must therefore be dismissed for the same reasons set forth in *Weissberger*. This leaves the question of whether the Grants, who *did* test positive for COVID-19, have sufficiently alleged their claims.

### C.   Whether Plaintiffs Must Allege Physical Manifestations of Emotional Distress

Defendant argues that Plaintiffs[1] cannot recover emotional distress damages because they fail to allege any physical manifestations of their emotional distress—i.e., a physical injury or effect which arises from their emotional injury. Plaintiffs disagree. Plaintiffs aver that there is no consensus among federal courts on this issue. Additionally, Plaintiffs argue that the Ninth Circuit disavowed the physical manifestation requirement in *Stacy*.

---

[1] Hereinafter, the Court uses "Plaintiffs" to refer only to the Grants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04064-RGK-SK | Date | September 4, 2020 |
|---|---|---|---|
| Title | *Francis Shay et al v. Princess Cruise Lines Ltd* | | |

As an initial matter, the Court disagrees that the Ninth Circuit has definitively weighed in on whether there is a physical manifestation requirement under maritime law. In *Stacy*, the Ninth Circuit held that the plaintiff, Stacy, sufficiently alleged that he was in the zone of danger when a ship narrowly avoided hitting his fishing boat, only to collide with another vessel. *Stacy*, 609 F.3d at 1034–35. The Court explained: "Stacy alleged that he was within the zone of danger and that he suffered emotional distress from the fright caused by the negligent action of the defendants. *Nothing more was required to assert a cause of action cognizable under maritime law.*" *Id.* at 1035 (emphasis added). Plaintiffs read this language as a disavowal of the physical manifestation requirement. But this requirement was not at issue in *Stacy*. In fact, Stacy alleged that physical pain accompanied his injuries. *Id.* at 1038 (Hall, J., dissenting). Further, the footnote which immediately follows this passage makes clear that when the Court stated that "nothing more was required" to bring a claim for emotional distress, this was in reference to the dissent's position that there was also a "witnessed harm" requirement. *Id.* at 1035 n.2. The Court thus rejects Plaintiffs' argument that *Stacy* disavowed the physical manifestation requirement.

Given that neither the Ninth Circuit nor the Supreme Court[2] have explicitly imposed a physical manifestation requirement, the question is whether the Court should impose one here. Plaintiffs are correct that there is no consensus among federal courts on this issue. *See Sawyer Bros., Inc. v. Island Transporter, LLC*, 887 F.3d 23, 39 (1st Cir. 2018) ("Whether the physical [manifestation] requirement applies to NIED claims under the general maritime law is a matter of some disagreement among the federal courts."); *Tassinari v. Key West Water Tours, L.C.*, 480 F. Supp. 2d. 1318, 1321–22 (S.D. Fla. Mar. 29, 2007) (collecting cases). Nevertheless, the weight of authority seems to favor imposing such a requirement. *See Jones v. CSX Transp.*, 287 F.3d 1341, 1347–50 (11th Cir. 2002), *opinion reinstated in part, superseded in part*, 337 F.3d 1316 (11th Cir. 2003) (requiring physical manifestation of emotional injury to recover under FELA and noting that "the weight of authority among the district courts in FELA, Jones Act, and general maritime cases seems to favor a requirement that a plaintiff make some showing of objective manifestations of his emotional disturbance"); *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 477–78 (5th Cir. 2001) (requiring physical manifestation of emotional injury for NIED claims brought under the Jones Act, which incorporates and makes applicable to seamen the substantive recovery provisions of FELA); *Terry*, 3 F. Supp. 3d at 1370 (applying the physical manifestation test

---

[2] *See Gottshall*, 512 U.S. a 549 n.11 (merely acknowledging that that "[m]any jurisdictions…require that a plaintiff demonstrate a 'physical manifestation' of an alleged emotional injury, that is, a physical injury or effect that is the direct result of the emotional injury, in order to recover."); *see also Terry v. Carnival Corp.*, 3 F. Supp. 3d 1363, 1369 (S.D. Fla. 2014) ("While the *Gottshall* court held that the zone of danger test is the applicable standard that must be met in cases for negligent infliction of emotional distress, the Court did not decide whether objective physical manifestations are required for recovery or whether a plaintiff can recover for purely emotional injury.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04064-RGK-SK | Date | September 4, 2020 |
|---|---|---|---|
| Title | *Francis Shay et al v. Princess Cruise Lines Ltd* | | |

and acknowledging that the Restatement (Second) of Torts has a physical manifestation requirement); *Tassinari*, 480 F. Supp. 2d at 1324–25 (requiring plaintiff to allege a physical manifestation of emotional injury); *Wyler v. Holland Am. Line – U.S.A. Inc.*, No. C02-109P, 2002 WL 32098495, at *4 (W.D. Wash. Nov. 8, 2002) ("general maritime law requires an 'objective manifestation' of the emotional injury"); *Williams v. Carnival Cruise Lines, Inc.*, 907 F. Supp. 403, 407 (S.D. Fla. Nov. 15, 1995) (imposing physical manifestation requirement).

The Court is inclined to follow the "weight of authority" on this issue and impose a physical manifestation requirement, but there is one hiccup. *Jones*, 287 F.3d at 1350. As set forth above, *Ayers* distinguished between two categories of cases: (1) "Stand-alone emotional distress claims not provoked by any physical injury, for which recovery is sharply circumscribed by the zone-of-danger test;" and (2) "emotional distress claims brought on by a physical injury, for which pain and suffering recovery is permitted." *Ayers*, 538 U.S. at 147. While there is strong support for requiring a physical manifestation of emotional distress in the former category of cases, there is less support for requiring this in the latter category. *See Tassinari*, 480 F. Supp. 2d at 1323–34. That is because "[u]nlike stand-alone claims for negligently inflicted emotional distress, claims for pain and suffering associated with, or 'parasitic' on, a physical injury are traditionally compensable." *Ayers*, 538 U.S. at 148.

Here, Plaintiffs allege that they "suffer from physical *and* emotional harm from" COVID-19. (Compl. ¶ 25, ECF No. 1 (emphasis added).) The Court therefore finds that Plaintiffs' claims, as pled, fall within *Ayers'* second category of cases—"emotional distress [claims] brought on by a physical injury or disease." *Ayers*, 538 U.S. at 147–48 (cleaned up). Because there is less support for imposing a physical manifestation requirement in this category of cases, the Court declines to impose this requirement here. *See Tassinari*, 480 F. Supp. 2d at 1324–25 (collecting cases and noting "[t]hese cases indicate that a physical manifestation of emotional injury is not required for claims for emotional distress caused by a physical impact.") Accordingly, the Court will not dismiss Plaintiffs' claims for failure to allege physical manifestations of their emotional distress

To be sure, Defendant argues that a COVID-19 diagnosis is not a "physical injury" at all. *Ayers*, 538 U.S. at 147. If this were true, then Plaintiffs' claims would constitute "stand-alone" emotional distress claims falling within *Ayers'* first category of cases, and the Court would impose a physical manifestation requirement. *Id.* However, the Court declines to decide, at this early stage, whether a COVID-19 diagnosis is a "physical injury" within the meaning of *Ayers*. Currently, the long-term effects of COVID-19 on the body are unclear, even in asymptomatic cases. *See, e.g.*, Pien Huang, *We Still Don't Fully Understand the Label 'Asymptomatic'*, NPR, June 23, 2020 ("A new paper. . . shows that being asymptomatic doesn't always mean that no damage has occurred in someone's body[.]") The Court would benefit from further briefing on this issue, and additional evidence in the form of expert

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04064-RGK-SK | Date | September 4, 2020 |
|---|---|---|---|
| Title | *Francis Shay et al v. Princess Cruise Lines Ltd* | | |

testimony. Thus, the Court does not reach the question of whether a COVID-19 diagnosis is a "physical injury" within the meaning of *Ayers*.[3]

### D. Whether Plaintiffs Can Recover Emotional-Distress Damages for the Pre-Diagnosis Period

Defendant attempts to distinguish between the emotional distress that Plaintiffs suffered before and after their COVID-19 diagnosis. Defendant argues that Plaintiffs cannot recover damages based on the former period for the same reason the Fear Plaintiffs could not recover in *Weissberger*. The Court agrees.

As set forth above, Plaintiffs seek to recover for the emotional distress they suffered as a result of their COVID-19 diagnosis—in other words, they seek to recover for their post-diagnosis emotional distress. (Compl. ¶ 25.) Plaintiffs also seek to recover, however, based on their pre-diagnosis fear of contracting COVID-19 while on the ship. (*Id.* ("Plaintiffs…suffer[] from emotional distress as a result of being quarantined for several weeks, while they anxiously awaited to see if they would come down with COVID-19.").) As explained in *Weissberger*, Plaintiffs cannot recover based on their mere exposure to individuals with COVID-19 and their attendant fear of contracting the disease. Accordingly, the Court agrees that Plaintiffs can only recover emotional-distress damages based on their post-diagnosis emotional distress.

---

[3] In a similar vein, Defendant argues that, at the motion to dismiss stage, Plaintiffs must "adduc[e] objective testimony of a functional impairment" to recover. (Mot. at 14, ECF No. 20 (quoting another source).) In support, Defendant cites several cases, including *In re Hawaii Fed. Asbestos Cases*, 734 F. Supp. 1563 (D. Haw. 1990) and *Sheridan v. Cabot Corp.*, 113 F. App'x 444 (3d Cir. 2004). But these cases are distinguishable. In the first case, a Hawaiian district court held that plaintiffs exposed to asbestos could not recover damages based merely on pleural plaque or pleural thickening, and were instead required to "adduc[e] objective testimony of a functional impairment due to asbestos exposure." *In re Hawaii Fed. Asbestos Cases*, 734 F. Supp. at 1567. But that was at the summary judgment stage—the court did not require any such "objective testimony" at the pleading stage. *Id. Sheridan* is similarly distinguishable. In *Sheridan*, the Third Circuit held in an unpublished opinion that a plaintiff who suffered from chronic beryllium disease had not established a cause of action under Pennsylvania law for beryllium-related disease where her only alleged symptoms were permanent scarring of the lungs, shortness of breath, and reduced pulmonary functioning. *Sheridan*, 113 F. App'x at 445. However, *Sheridan* applied Pennsylvania law, which specifically provides that "a medical condition, even if termed a 'disease,' that is unaccompanied by discernable symptoms or physical impairment is not a compensable injury." *Id.* at 448. No such law is at issue in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04064-RGK-SK | Date | September 4, 2020 |
|---|---|---|---|
| Title | *Francis Shay et al v. Princess Cruise Lines Ltd* | | |

### E. Whether Plaintiffs Have Sufficiently Alleged Causation

Next, Defendant argues that Plaintiffs' claims should be dismissed for the separate reason that they have not plausibly alleged causation. Again, the Court agrees. Plaintiffs' Complaint does not include any factual allegations demonstrating that Plaintiffs contracted COVID-19 as a result of Defendant's alleged negligence, such as when Plaintiffs were tested for COVID-19 or when they contracted the disease. "As pled, the Complaint makes it impossible to determine if even those Plaintiffs who caught the virus contracted it onboard versus before embarkation, at some port of call, during their post-cruise government managed transportation or quarantine, or elsewhere." (Mot. at 15.) Plaintiffs may, however, amend their Complaint to remedy this deficiency.

### F. Plaintiffs' Request for Punitive Damages

Finally, Defendant asks that the Court either dismiss or strike Plaintiffs' prayer for punitive damages. Because the Court has already dismissed Plaintiffs' Complaint for failure to sufficiently allege causation, the Court does not address this argument at this time. Should Plaintiffs file an amended Complaint, Defendant may renew this argument in a subsequent motion to dismiss.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** Defendant's Motion. The Shays' claims are **DISMISSED**. The Grants' claims are **DISMISSED without prejudice**. Any amended Complaint must be filed within **10 calendar days of this Order's issuance**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | SMO |